[No. 12300. Department One. January 8, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v. J. F. AUSTIN, *Appellant*.[1]

JURY — COMPETENCY — PRIOR SERVICE AS JUROR. The fact that jurors had served at the same term of court in a criminal case of the same nature was not a disqualification, where all who were allowed to sit had asserted they would disregard the testimony given in the prior case and render a verdict upon the facts as disclosed in the case on trial.

WITNESSES — CROSS-EXAMINATION—CHARACTER WITNESS. In the cross-examination of character witnesses for the defendant in a criminal prosecution, it was not misconduct on the part of counsel to question such witnesses as to whether they did not know that defendant had been guilty of some misconduct and had lived with and associated with people of questionable character.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered January 14, 1914, upon a trial and conviction of disposing of intoxicating liquor to Indians. Affirmed.

*E. A. Hesseltine* and *H. N. Martin*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

CHADWICK, J.—In addition to the questions raised and decided in the case of *State v. Kenney, ante* p. 441, 145 Pac. 450, it is complained that the court erred in permitting jurors to serve or to become subject to challenge by the defendant, it appearing that the jurors objected to had served as jurors in the *Kenney* case.

The court did not abuse its discretion. The jurors qualified themselves. So far as we have been able to discover, no juror was allowed to sit in the case who had not asserted that he would disregard the testimony given in the other case and render a verdict upon the facts as disclosed in the instant case.

[1] Reported in 145 Pac. 451.

It is also contended that the prosecuting attorney and counsel for the state were guilty of misconduct in that they persistently called the attention of the jury to the fact that the defendant was a brother-in-law of one Ed Gray, who had been convicted of horse stealing.

The only acts of counsel which, if torn from their settings, might be called misconduct, were in asking character witnesses, called to sustain those whose reputations had been put in issue, whether they did not know that defendant had been guilty of some misconduct and whether they, the witnesses, did not know that he lived with and associated with people of questionable character.   This was within the limit of legitimate cross-examination.

We find no error, and the judgment is affirmed.

CROW, C. J., GOSE, PARKER, and MORRIS, JJ., concur.