[No. 20038.  Department One.  January 8, 1927.]

# THE STATE OF WASHINGTON, *Respondent,* v. FRANK McMULLEN, *Appellant.*[1]

[1] RAPE (27)—EVIDENCE—SUFFICIENCY. In an action for statutory rape, a conviction upon the evidence of a child backward in mental development will be sustained where there was corroboration by the fact of prompt complaints and admissions made by the accused.

[2] SAME (27). It is not a valid objection to the sufficiency of evidence of statutory rape that it appears that there was mistake or false evidence as to the date of one of the acts.

[3] CRIMINAL LAW (450)—APPEAL—HARMLESS ERROR—EXAMINATION OF WITNESS. Where objections to improper questions were sustained and no answer given and the jury were instructed to disregard the questions, any error in submitting the questions is cured.

[4] SAME (449)—REVIEW—HARMLESS ERROR — EXCLUSION OF EVIDENCE. In a prosecution for statutory rape, it is not prejudicial error to refuse to allow the accused to impeach a witness who denied prior improper relations with the prosecuting witness.

[5] NEW TRIAL (49)—PROCEEDINGS TO PROCURE—AFFIDAVIT OF JUROR —IMPEACHMENT OF VERDICT. A juror's impeachment of a verdict by an affidavit to the effect that he was induced to agree because of another juror's statement of a fact within his personal knowledge will not be considered where it is denied and shown that the statement of such juror was made after the verdict was agreed to.

[6] TRIAL (19)—RECEPTION OF EVIDENCE—SEPARATION AND EXCLUSION OF WITNESSES. A new trial asked because witnesses excluded from the room had not heeded the admonition of the court not to discuss the testimony is properly denied where the charge was not proved.

[7] CRIMINAL LAW (103)—EVIDENCE—RES GESTAE—OTHER OFFENSES —PART OF SAME TRANSACTION. In a prosecution for statutory rape, error cannot be assigned on testimony indicating that the defendant may have been guilty of sodomy, where it was so closely connected with the facts charged as to be a part of it.

[1]Reported in 252 Pac. 108.

[8] CRIMINAL LAW (464)—PUNISHMENT—TERM OF IMPRISONMENT. A
sentence of at least eight nor more than fifteen years for statu-
tory rape will not be held excessive, being within the limits of
Rem. Comp. Stat., § 2436, providing that the sentence shall not
be less than five years but fixing no maximum limit.

Appeal from a judgment of the superior court for
Grant county, Jeffers, J., entered November 16, 1925,
upon a trial and conviction of rape. Affirmed.

*Corbin & Easton,* for appellant.

*N. W. Washington* and *T. B. Southard,* for respond-
ent.

PER CURIAM—The appellant, Frank McMullen, was
convicted of the crime of carnally knowing his step-
daughter, a girl between the ages of twelve and thir-
teen years. On the judgment of conviction, he was
sentenced to the penitentiary for a term of not less
than eight nor more than fifteen years.

[1] Of the errors assigned, the first is that the court
erred in permitting the girl to testify in the cause. It
is contended that she did not have sufficient mental
capacity to understand the nature of an oath, or to
testify from her own recollection or knowledge as to
matters concerning which she was called as a witness.
The record does indeed show that the girl was not
bright mentally. She was utterly incapable of narrating
in continuous sequence events as they occurred, and at
times seemed incapable of understanding the most
simple questions. But we do not understand that she
was mentally defective in the sense that she was insane
or idiotic. It was simply a case of a child backward
in mental development; that, while her body was
normally developed for a girl of her age, she had the
mind of a much younger child. The record also fur-
nishes some support for the appellant's claim that she
answered only upon suggestion; that when questions

were propounded to her which seemed to suggest an affirmative or negative answer, she answered in accordance with the suggestion. But her testimony is not altogether of this sort. At times when she was made to comprehend, she testified, without suggestion, definitely and plainly with sufficient detail to indicate that she was testifying to things as they occurred. It is true that the guilt of the appellant rests largely on her testimony. There is not much of corroboration; the principal matter in this respect being that she made complaint to her mature relatives of the acts charged against the appellant when the first opportunity presented itself for her so to do. There was evidence also of a somewhat damaging admission made by the appellant. This he denies, but his denial is somewhat weakened by the fact that, in order to make that denial effective, he was compelled to deny certain other transactions, concerning which there are a number of witnesses against him.

Since the question of the appellant's guilt rests so largely on the testimony of the girl, we have examined her evidence with care. Taking it as a whole, we are convinced, as must have been the trial judge and the jury, that she was competent to testify, and that she testified truthfully to the facts essential to show the appellant's guilt.

[2] There is another objection to the sufficiency of the testimony to support the judgment, which may be noticed here. The appellant intermarried with the mother of the girl when the girl was about two years of age. She continued to live in the family of the appellant and her mother until the mother died, some months before the time of the happening of the acts with which the appellant is charged. On the death of the mother, the girl was taken away from the home by an aunt, and kept in school until the close of the school

year, when the appellant came for her and brought her back to his home.

The girl testified to three several acts, occurring at various places on the premises on different days, one of which occurred in a pump-house which the evidence indicates was not the first of the series. The pump-house burned, the evidence indicates, within two days after the girl's return, and while the appellant was at Spokane some miles from the premises. The argument is that the evidence of the pump-house incident must be false, and, it being false, there is no reason to believe her testimony as to other acts. But we are inclined to believe that the girl was rather mistaken as to infrequency of the acts rather than as to their sequence, or the places at which they occurred. Aside from the fact that the evidence presents an uncertainty as to the dates bearing on the matter, there is the girl's statement that the appellant said to her at the time of the pump-house incident that they "must not do it too often, as she might have a baby."

[3] The appellant put his character in issue as to morality and decency, and as to being a law-abiding citizen. The prosecuting attorney, on cross-examination of the character witnesses, asked one of them if he had not heard it reputed that the appellant was engaged in the manufacture and sale of moonshine whiskey. Of another, he asked whether he had not heard that the appellant's wife had left him on two different times because of his cruel treatment of her. The questions were repeated in variant forms to two other of such witnesses. The appellant, when the questions were propounded, objected to them and asked the court to instruct the jury to disregard them. The court in each instance sustained the objection, but did not at that time give the requested instruction. It is complained that the questions were highly preju-

dicial to the defendant, and that the court, in refusing to give the specific instruction, committed reversible error. But we are not persuaded that it would have been error had the court permitted the witnesses to answer the questions propounded. The cases from other jurisdictions seem not to be in accord on the question (16 C. J. 582, §1125), but our case of *State v. Austin*, 83 Wash. 444, 145 Pac. 451, would indicate that we had followed the rule of the cases holding such an inquiry permissible. It is not, however, necessary for us to determine the question here. As we have shown, the court sustained objections to the questions, and answers to them were not returned, and, while it did not at the time instruct the jury to disregard them, it did so in its general instructions to the jury. This cured any error that might have been caused by a refusal to instruct at the times requested.

[4] The appellant offered evidence tending to show that the girl, some years prior to the time of the transactions here in question and when she was but eight years of age, was caught in the act of sexual commerce with a brother. The brother was put on the stand and emphatically denied that any such act occurred. On cross-examination, he was asked if he did not say, in the presence of certain persons when he heard of the appellant's arrest, "This is an awful mess our family has gotten into; I suppose I will be the next one arrested." The court sustained an objection to the question, and subsequently refused to permit the persons in whose presence it was asserted the statement was made to testify that it was so made. But we cannot regard this as error requiring reversal. The witness testified to no fact tending to inculpate the appellant; his testimony was merely that he was not guilty of the act with which he was accused. His impeachment, therefore, could in no way aid the appellant. Conceding

that the witness had been guilty of the act charged, it would not justify a similar assault upon the girl by the appellant, nor does it in any way tend to prove that he was not guilty of the acts charged against him.

[5] In support of the motion for a new trial made on behalf of appellant, a juror made oath in the form of an affidavit, to the effect that he hesitated to concur in the verdict of guilty because he was not satisfied as to the truth of the girl's testimony relative to the act alleged to have been committed in the pump-house, and that he was induced to concur therein because of the statement of one of the jurors that he had personal knowledge to the effect that the pump-house was burned some time later than the time given in the testimony. But, conceding the juror's statement to correctly recite the facts, we cannot concede that a new trial is warranted thereby. In this state, a juror takes an oath well and truly to try the issue between the state and the defendant according to the evidence, and if he is so far unmindful of his oath as not to do so, he will not be heard to so assert, even under oath, as his one oath but offsets the other. It is a matter that adheres in the verdict, and both public decency and public policy forbid that verdicts be set aside for this reason. *State v. Gay*, 82 Wash. 423, 144 Pac. 711.

Here, however, we think the counter-affidavits show conclusively that the juror is mistaken as to the fact. The juror accused of making the statement does say that, before the jury returned their verdict into court, he did state that it was his impression from facts within his personal knowledge that the fire occurred later in time than the testimony of the witness indicated. But he further says that the statement was made after the jury had reached a verdict, and after the verdict had been signed by their foreman and while the jury

were waiting to be called into court; that there was no consideration of the case by the jury after that time, and that the statement could not, and did not, induce any juryman to consent to the verdict. The juror also says that he did not consider the matter of any importance, as it was his opinion, as well as the unanimous opinion of the other jurors, that, conceding the pump-house had burned on the date given by the witnesses, it did not disprove the girl's testimony to the effect that the pump-house was one of the places at which the appellant had had sexual commerce with her. The juror's statements are supported by that of a number of the other jurors, and were we to concede that a juror may in this manner stultify his verdict, we could not conclude that there was here cause to set aside the verdict.

[6] The witnesses were excluded from the court room during the course of the trial, and it is contended that the witnesses on the part of the state did not heed the admonition of the court not to discuss with each other the testimony they had given while on the witness stand. But it is sufficient to say that we do not find the charge proven. The affidavits on the part of the accusers state nothing more than conclusions drawn from appearances. None of them actually heard the witnesses conversing with each other about the testimony given in the case. On the other hand, the accused witnesses deny that they discussed with one another or with any one, prior to the conclusion of the trial, the evidence they had given thereat. It must not be understood, however, that we deem the charge made against the witnesses a sufficient ground to warrant a new trial, even if established. The question is not here presented, and we express no opinion upon it.

[7] The appellant complains that the prosecuting witness was permitted to testify to a circumstance in-

dicating that the defendant might be guilty of sodomy. But we feel that it is enough to say, without detailing the circumstances surrounding the transaction, that it was so far a part of, and so closely connected with, a circumstance to which the witness was permitted to testify as to be a part of it. In other words, the testimony did not relate to a separate or independent offense. It was connected with, and a part of, the offense with which the appellant was charged. Being so, evidence concerning it was not inadmissible.

[8] Objection is made to the severity of the sentence. The statute (Rem. Comp. Stat., § 2436) [P. C. § 9108], provides that a person convicted of an offense of the kind here in question shall be punished by imprisonment in the state penitentiary for not less than five years. It does not limit the maximum term that may be imposed. The imprisonment imposed was thus within the limits of the statute, and, considering the nature of the offense and the duty the appellant owed to the girl, we cannot think it excessively severe.

In our opinion, there is no reversible error in the record and the judgment will stand affirmed.