[No. 25188.   Department One.   April 1, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. EDGAR
STILTS, *Appellant*.[1]

[1]Reported in 42 P. (2d) 779.

306

*P. J. Kirwin,* for appellant.

*Dale McMullen* and *Claude C. Snider,* for respondent.

BEALS, J. — The defendant, Edgar Stilts, was charged with the crime of unlawfully having in his possession a certain narcotic drug known as cannibis indica, commonly called marihuana. His trial resulted in a verdict of guilty as charged, and from a judgment and sentence entered upon this verdict, defendant appeals.

Appellant assigns error upon the denial by the trial court of his motion to suppress certain evidence; upon certain rulings of the trial court in connection with the admission or refusal of evidence; upon the denial of his motion for a directed verdict of not guilty; upon the refusal of the trial court to give two instructions requested by him; and upon the denial by the trial court of his motion for a new trial.

On the evening of May 20, 1933, appellant stopped his automobile on Main street, in the city of Vancouver, Washington, whereupon two police officers stepped up to the car and accosted appellant, requesting him to drive to the police station. Upon arrival at the station, appellant was questioned and searched,

after which proceedings the two officers searched appellant's automobile, finding therein, as they stated, three cigarettes made of marihuana, whereupon appellant was arrested and later charged as above stated.

Appellant retained counsel to represent him, but later, and not long before the date fixed for his trial, changed his attorney. His new counsel, a day before the date set for appellant's trial, filed a motion, supported by an affidavit, asking for the suppression as evidence of the three cigarettes taken by the officers from appellant's car; also asking for an order directing that these cigarettes be returned to appellant.

On the morning of the day of trial, and before the jury was called, appellant's counsel called this motion to the court's attention, and asked that the same be disposed of. The trial court refused to delay the trial of the case to hear the motion, and denied the same as not timely filed, to which ruling appellant excepted; now arguing that, as appellant was taken to the police station merely for investigation, and as the officers had no search warrant authorizing them to search appellant or his automobile and no probable cause for believing that appellant had committed any offense, the search of his car, which resulted, as the officers testified, in the discovery of the three cigarettes, was unauthorized and in violation of appellant's constitutional rights.

This court has repeatedly held that a motion to suppress evidence must be filed and presented to the court prior to the calling of the case for trial. Such a matter presents a collateral issue having no direct bearing upon the guilt or innocence of the accused, and in the interest of orderly procedure the court should not be called upon to halt proceedings and investigate the circumstances, probably disputed, under which the articles were seized. This rule was laid down by this

court in the case of *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837, 215 Pac. 34, and was followed in the cases of *State v. Smathers,* 121 Wash. 472, 209 Pac. 839, 215 Pac. 35; *State v. Ennis,* 126 Wash. 116, 217 Pac. 513; *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Pielow,* 141 Wash. 302, 251 Pac. 586.

Appellant cites several opinions of this court in which it was held that evidence was properly suppressed on motion, or that the trial court improperly denied such a motion. In all of these cases, however, the application for suppression of the evidence was timely made and presented. In the case at bar, the motion came before the court too late, and the trial court did not err in refusing to consider the motion and in denying it as not timely presented. As to whether or not the court should have considered the motion had it been called up for hearing on the day it was made, we express no opinion.

■ On cross-examination of one of the police officers, appellant's counsel asked the officer if he had a search warrant authorizing him to search the automobile. Counsel for the state objected to this question, and his objection was sustained. Upon this ruling and upon a similar ruling made a little later in the trial, appellant bases a claim of error, contending that, under the rule laid down by this court in the case of *State v. Dersiy, supra,* he should have been allowed to show on cross-examination, and as a basis for renewal of his motion to suppress the evidence, that the officers had no warrant authorizing them to search his car.

No question had been asked the witness on direct examination pertinent to the matter of whether or not a search warrant had been procured. If it had appeared from the direct or proper cross-examination of the state's witnesses that the three cigarettes had been improperly seized by the officers, in violation of appel-

lant's constitutional rights, the evidence would have been subject to a motion to suppress; but in order to avail himself of such a situation, the evidence must have been elicited on direct or a *proper* cross-examination. On the record before us, we find no basis for cross-examination of the officer as to whether or not a search warrant had been issued. The case of *State v. Whitfield*, 129 Wash. 134, 224 Pac. 559, is in point as to the proper scope of cross-examination of an officer in connection with an arrest.

■ The trial court sustained an objection on behalf of the state to a question propounded by appellant to the same police officer, asking whether or not the officer told appellant that he was merely holding him for investigation. Appellant argues that this indicated that the officers had no knowledge that appellant had committed any crime, and that this bore upon the lawfulness of the search of the car, and whether or not the cigarettes should be received in evidence. The question was not material and was not proper cross-examination, in view of the examination-in-chief of the witness.

■ Appellant next assigns error upon the admission in evidence of the cigarettes as a state's exhibit, contending that the same had been unlawfully seized by the arresting officers. Appellant's motion to suppress the evidence having been properly denied as not timely urged, and the court having correctly ruled that appellant's cross-examination of the state's witnesses should be limited to subjects germane to their examination-in-chief, the court properly received the cigarettes in evidence, there being no support in the evidence for appellant's objection.

■ On appellant's direct examination, he was asked by his counsel what he said to the officers when they instructed him to drive to the police station. In

answer to the direct question, "Did you say anything?" appellant answered: "I wanted to know what it was all about. Complete surprise. Never expected anything like that." The state objected to this answer, and moved to strike it out as not responsive, which motion was granted; appellant assigning error upon the ruling.

The ruling was correct. The witness was asked what he said, and should have, in reply, stated his language in form or substance. Following the court's ruling, appellant's counsel asked him: "Did you ask the officers at that time why you were arrested?" to which appellant replied in the affirmative. This was technically a complete answer to the former question. If, in the opinion of appellant's counsel, the words used by appellant to the officer were material to the trial, appellant should have been asked to repeat them. We find no error in the ruling complained of.

▉ Counsel for the state, in cross-examining appellant, commenced a question: "You don't recall that at that time we advised you . . . ," whereupon appellant's counsel interrupted with the words, "Just a moment," the prosecuting attorney continuing ". . . we had talked with Herbert Jones and many others and that Jones had told us that you had been selling him cigarettes over a period of time;" whereupon appellant's counsel requested the court to instruct the jury to disregard the remark of counsel for the prosecution in so far as the same referred to any sale of cigarettes, appellant not being charged with having made such a sale.

On direct examination, appellant had denied any conversation with the chief of police wherein he had admitted his ownership of the cigarettes and that he had purchased the same from a Mexican. On cross-examination, appellant admitted that he had talked

with the chief of police and a deputy prosecuting attorney, but denied that in the course of this conversation he had made any admissions. Appellant, on direct examination, denied that he had made certain statements to the chief of police. On cross-examination, he admitted having had a conversation with the chief and the prosecuting attorney, and under these circumstances it was proper to ask him if, in the course of this talk, he had not been advised that the officers had been told by one Jones that appellant had been selling marihuana cigarettes. Counsel for the state did not make a statement of fact, but propounded a proper question to appellant, who was testifying as a witness on his own behalf. We find no error in the rulings of the court in connection with the matter now under discussion.

■ Counsel for the state, in cross-examining appellant, asked him if he had not been originally represented by counsel other than was appearing for appellant on the trial, to which appellant answered in the affirmative. Counsel then asked appellant if it were not a fact that it had been agreed between appellant and counsel for the state that appellant would plead guilty to the offense with which he stood charged, to which appellant answered: "Absolutely not." Appellant's counsel then moved to strike the question and answer and that the court declare a mistrial, for the reason that the question was improper and sought to introduce an offer of compromise, which motion the court denied.

There could, of course, be no prejudice to appellant because he had at one stage of the proceedings been represented by counsel other than he who appeared for appellant on the trial. Appellant denied that he had agreed to plead guilty. This denial stood uncontradicted. It nowhere appeared that appellant had been

induced, by threats or promises, to agree to plead guilty. It was not later sought to contradict appellant's testimony, or show that he had agreed to plead guilty. We find no prejudicial error in the denial by the trial court of appellant's motion.

■ Appellant called ten witnesses to testify to his good character. On cross-examination, one of these witnesses was asked if he did not know that appellant was selling narcotics to high-school children, or was reported to have been making such sales, to which the witness replied in the negative. A question of somewhat similar character was propounded to another witness testifying to appellant's good character.

On cross-examination of a character witness, the latter can be interrogated as to his knowledge of the defendant's acts and whether or not the witness has information to the effect that the defendant has been guilty of some misconduct. Appellant himself put his character in issue by calling witnesses who testified that it was good. In cross-examining these witnesses, the state did not transcend the bounds of legitimate interrogation, as defined by this court in the cases of *State v. Austin,* 83 Wash. 444, 145 Pac. 451, and *State v. McMullen,* 142 Wash. 7, 252 Pac. 108.

■ The trial court struck the testimony given by one witness called by appellant to testify to his character, holding that it appeared from cross-examination of the witness that the witness had no information sufficient to justify the receipt of his testimony on appellant's behalf. While it is probable that technically the court erred in striking the testimony of the witness referred to, we find no prejudicial error in this connection, as the trial court was very liberal in allowing appellant to call an unusual number of witnesses to testify to his good character, and the withdrawal from the consideration by the jury of the testimony of one of them can-

not call for a reversal of the judgment of guilty and the granting of a new trial.

Appellant assigns error upon other rulings of the trial court in connection with the admission of testimony, but we find these assignments of error to be without merit.

The instructions given by the court fairly submitted to the jury the issues to be determined; and the instructions requested by appellant, upon the refusal of which he assigns error, were either in substance given by the court or were improper.

The trial court did not err in denying appellant's motion for a new trial; and, the record being free from prejudicial error, the judgment appealed from is affirmed.

MILLARD, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.

