[No. 376-2.    Division Two.    December 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY MATTHEWS, *Appellant.*

*Edwin J. Wheeler* and *Schuyler J. Witt* (of *Witt, Hutchins, Plumb & Wheeler*), for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

ARMSTRONG, J.—Defendant Larry Matthews appeals from a judgment and sentence entered upon a jury verdict finding him guilty of manslaughter.

The appeal raises the single question of whether the state, on cross-examination, may attack the credibility of a witness by showing his past juvenile record where the witness is himself the criminal defendant and has testified that he had never been convicted of a crime.

The fatal shooting occurred on July 8, 1970 when the defendant, a 19-year-old Tacoma Community College student, attempted to collect a $25 debt from the victim, Ron Middleton, a childhood acquaintance. At trial the defendant testified on his own behalf. On direct examination, defendant was asked and he answered as follows:

Q. Larry, have you ever been convicted of a crime. I'm not talking about traffic offenses.
A. No, never.

The state contended and the trial court ruled, that this "opened the door" to an examination of his juvenile record. On cross-examination he was questioned, over objection, concerning his juvenile court record which included adjudications of delinquency and suspended commitments to juvenile institutions based on charges of assault and theft. Specifically, the following exchange took place between the defendant and deputy prosecutor on cross-examination:

Q. Mr. Matthews, I will ask you if it is true, on September 11th, 1968, you received a suspended commitment to the Department of Institutions as a juvenile for assault?
A. True.
Q. And is it also true on June 23rd, 1967 you were placed on probation as a juvenile for stealing auto parts?
A. That is true, too.

Defendant moved for a mistrial when questioned about his juvenile record and renewed that motion at the close of the case. Both motions were denied.

Defendant asks for a new trial on the basis of error committed during the state's cross-examination of defend-

ant concerning his juvenile record. He contends that one's juvenile record is not equivalent to a conviction of a crime and may not be utilized for the purpose of attacking his credibility.

We agree with defendant's contention. A prior conviction of a crime may be shown to affect the credibility of a witness. RCW 10.52.030.[1] A juvenile commitment, however, is not equivalent to a conviction of a crime. RCW 13.04.240;[2] *State v. Temple*, 5 Wn. App. 1, 485 P.2d 93 (1971). If, as in the instant case, the witness is himself the criminal defendant who has taken the stand, his adult conviction, though not relevant to the charge at issue, may nevertheless be shown for the limited purpose of attacking his credibility. His juvenile record, however, may not. *State v. Temple, supra.* The legislative determination that an adjudication of delinquency is not to be deemed equivalent to a criminal conviction is based in part on the philosophy that the purpose of our laws is not to punish a child, but rather to inquire into his welfare where reasonable cause exists and to provide an environment which will enable him to grow into a useful and happy individual. *In re Lewis,* 51 Wn.2d 193, 316 P.2d 907 (1957).

Relying on *State v. Briscoe,* 78 Wn.2d 338, 474 P.2d 267 (1970) the trial court ruled that the defendant's juvenile record was susceptible to exploration on cross-examination. In *Briscoe* the defendant asked for a new trial on the basis of error committed during the state's cross-examination of defendant's character witness. On cross-examination the

---

[1]"Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross-examination, upon which he shall answer any proper question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer thereto." RCW 10.52.030.

[2]"An order of court adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime." RCW 13.04.240.

state was permitted to question the witness concerning defendant's juvenile record. On appeal, the court held that when a character witness relates to the jury his opinion of the defendant's good reputation in the community for truth and veracity, then the state is entitled to test that witness on matters concerning his knowledge of the defendant's moral characteristics and prior acts of dishonesty including the defendant's record of performance as a juvenile. The decision in *State v. Briscoe, supra,* is clearly distinguishable from the case now before us, for there the court was concerned only with the permissible scope of cross-examination of a character witness. In the instant case, defendant did not call witnesses to testify about his general reputation for truth and veracity. Where the witness is himself the criminal defendant who has taken the stand, the ruling in *Briscoe* becomes inapplicable and the cloak of immunity under RCW 13.04.240 remains intact and defendant's juvenile record may not be shown to attack his credibility. *State v. Temple, supra.* The fact that the defendant stated that he had never been convicted of a crime does not change the situation because, under the statutory mandates of RCW 10.52.030 and 13.04.240, he had not been convicted of a crime. Accordingly, we find that the trial court erred in allowing cross-examination as to his juvenile record. The use of such evidence was prejudicial and denied defendant the right to a fair trial.

Finally, defendant contends he was denied a fair trial when the court allowed the deputy prosecuting attorney, over objection, to characterize the defendant in closing argument as a "crazy nigger." Having decided the appeal on the other grounds we need not determine whether this was reversible error. Since it could occur upon retrial we must express our disapproval. Initially, we note that the deceased as well as the defendant and his companions were black. The defendant stated that the words in question were the last words of the deceased. It was proper for the deputy prosecutor to draw implications from their use by the deceased. It was improper and in very poor taste for

the deputy prosecutor to use those words to draw his own characterization of the defendant.

Reversed and remanded for a new trial.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied February 3, 1972.

Review denied by Supreme Court March 21, 1972.