[No. 6291-1. Division One. April 23, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v.
ROBIN KERRY STYLES, *Appellant*.

*Bannister, Bruhn & Cuningham* and *John R. Cuningham,* for appellant (appointed counsel for appeal).

*Patrick R. McMullen, Prosecuting Attorney,* for respondent.

FARRIS, J.—Robin Kerry Styles appeals his conviction of second–degree assault while armed with a firearm. His appeal questions (1) the striking of defense testimony that Styles appeared surprised when the gun fired, (2) the scope of cross–examination of Styles and (3) the scope of cross–examination of defense character witnesses. We reverse.

The charge arose out of a shooting incident in a tavern in Burlington on April 29, 1977. The victim testified that Styles shot at him and the bullet struck the floor between his feet. Styles and a friend testified that the gun went off accidentally. Three character witnesses testified that Styles' reputation for veracity and peacefulness was good.

During cross–examination of the first character witness, the prosecutor asked whether the witness had heard complaints that Styles shot his gun across the road and in his backyard. Similar questions were asked a second character witness. The prosecutor then asked, "Are you familiar with the incident wherein the defendant shot a trooper's dog?" A defense objection was initially sustained but the prosecutor successfully argued that a character witness may be cross–examined as to his or her knowledge of any act of misconduct by Styles that would be contrary to his good

reputation. The State was then permitted to ask questions in this form to both the second and third character witnesses. The questions concerned the shooting of the dog, several other shooting incidents and one incident in which Styles allegedly stole personal property.

In this jurisdiction, the prosecutor may ask a defense character witness whether he or she knew that a defendant had committed some act of misconduct. *State v. Donaldson,* 76 Wn.2d 513, 458 P.2d 21 (1969). It has been suggested that a better rule would be to limit such questioning to the witness' knowledge of a defendant's reputation. *See* 5 R. Meisenholder, Wash. Prac. § 4, at 22 (1965). The Supreme Court in *State v. Briscoe,* 78 Wn.2d 338, 474 P.2d 267 (1970), strongly indicated that this rule, which is followed by a majority of jurisdictions, should be adopted. The court stated at page 342:

> Since the testimony of the witness relates to the defendant's reputation in the community, the pertinent inquiry then is not what the witness knows about the defendant but rather what he has heard about him in the community.

It follows that because character witnesses do not testify to particular acts by a defendant, the proper form of questioning on cross–examination is one that inquires into the witness' knowledge of a defendant's reputation.

■ Our inquiry, regardless of the form of the question asked, is whether the prosecutor's questions were asked for the primary purpose of discrediting the character witness' testimony rather than for "a general vilification of the defendant under the guise of legitimate cross–examination." *State v. Briscoe, supra* at 341. *See State v. Donaldson, supra.* Generally we defer to the trial court's conclusions in these matters because of its opportunity to observe the parties, counsel and witnesses. *State v. Donaldson, supra.* If the trial court examined the challenged questions outside the presence of the jury, inquired into their foundation and considered the State's good faith in asking them, then its ruling will not be disturbed unless

there was an abuse of discretion. *State v. Briscoe, supra.* When the record reflects an inadequate inquiry or no ruling on the purpose of the questions, however, we must examine the record to determine whether the cross–examination by the prosecutor was proper. *See State v. Briscoe, supra.*

■ The questions asked of the second and third character witnesses were of an improper form and tended to place Styles' prior misconduct into evidence. The relevant purpose of cross–examination is to test a witness' testimony against community reports of a defendant's misconduct. *See State v. Briscoe, supra.* The record reflects that the trial court initially expressed concern about the prosecutor going too far, but the prosecutor persuaded the court to allow questions in the form, "are you aware" and "did you know?" We find no further effort to prevent "a general vilification . . . under the guise of legitimate cross–examination." *State v. Briscoe, supra* at 341. While the reference to the shooting incident, if properly phrased, might have logically tended to rebut the particular good traits mentioned on direct examination, the reference to an alleged theft of personal property did not. *See State v. Sexsmith,* 186 Wash. 345, 351–53, 57 P.2d 1249 (1936).

We hold that the questions were impermissible attacks on Styles' character. They had a reasonable probability of causing the jury to reject his defense of an accidental shooting. *State v. Rogers,* 83 Wn.2d 553, 557, 520 P.2d 159 (1974), *cert. denied,* 419 U.S. 1053, 42 L. Ed. 2d 650, 95 S. Ct. 633 (1974).

Styles' other contentions are without merit. Although testimony regarding Styles' apparent surprise when the gun discharged was stricken, defense counsel was later permitted to question the witness as to Styles' reaction when the gun went off. Had the witness then mentioned Styles' surprise, the testimony would have been admissible. *See State v. Farley,* 48 Wn.2d 11, 21, 290 P.2d 987 (1955), *cert. denied,* 352 U.S. 858, 1 L. Ed. 2d 65, 77 S. Ct. 79 (1956).

Reversed.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied June 21, 1979.

Review granted by Supreme Court September 21, 1979.