[No. 46403. En Banc. February 21, 1980.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBIN KERRY STYLES, *Respondent*.

*Patrick R. McMullen, Prosecuting Attorney,* for petitioner.

*Bannister, Bruhn & Cuningham,* by *John R. Cuningham,* for respondent.

DOLLIVER, J.—The issue before the court is the scope of cross–examination of defense character witnesses.

Defendant was convicted of assault in the second degree, involving the use of a firearm. The charge arose out of a shooting incident in a tavern in Burlington on April 29, 1977. Defendant and the victim were playing pool when a disagreement arose. Defendant took a loaded pistol from his clothing and placed it on the table. The victim threw the gun on the floor and defendant picked it up. According to the victim, defendant shot at him and the bullet struck

the floor between his feet. Defendant and a witness testified that the pistol went off accidentally.

At trial, three character witnesses testified that the reputation of defendant for truth, veracity and peacefulness was good. During cross–examination of the first character witness, the State asked the witness whether he had *heard* complaints about defendant shooting his gun across the road and in his back yard. Defendant's objections to the questions were overruled. The State asked similar questions of the second character witness. In addition, the witness was asked "whether or not you were aware or do you *know* of a situation in which he [defendant] shot the dog of a State trooper?" or whether he was "aware or did you *know* the defendant had committed a breach of the peace by committing larceny in Whatcom County?" Objections to these questions were likewise overruled. The same questions were asked of the third character witness over defendant's objections.

Defendant was convicted. On review, the Court of Appeals found the questions asked of the second and third character witnesses were of an improper form and tended to place prior misconduct of defendant into evidence. The court held they were impermissible attacks on defendant's character and there was a reasonable probability they caused the jury to reject defendant's defense of an accidental shooting. The conviction was reversed. *State v. Styles*, 23 Wn. App. 198, 596 P.2d 1087 (1979).

██ Washington follows the minority rule in regard to the type of questions allowed on cross–examination of a defendant's character witnesses. *State v. Donaldson*, 76 Wn.2d 513, 458 P.2d 21 (1969); *State v. Cyr*, 40 Wn.2d 840, 246 P.2d 480 (1952). *See* Annot., 47 A.L.R.2d 1258, 1306, § 21(b) (1956).

> In this state, a character witness may be cross–examined as to his personal *knowledge of acts of misconduct* by the accused. The majority rule holds that such witnesses may only be cross–examined as to what he has heard of reports or rumors of such acts. Accordingly, it is proper

to preface questions in such situations in this state by either "Did you hear," "Have you heard," or "Do you know." *See also* 28 Wash. L. Rev. 238–39 (1953).

(Italics ours.) *Donaldson, supra* at 518.

Although the Court of Appeals questions this rule and suggests that this court has intimated it favored the majority rule (*see State v. Briscoe,* 78 Wn.2d 338, 474 P.2d 267 (1970)), we have recently approved the minority rule in the new Rules of Evidence, ER 404, 405, and comments thereto. *See* 5 R. Meisenholder, Wash. Prac. § 4, at 22 (1965), and at 16 (Supp. 1979). We here reaffirm our support for it.

■ We have, however, limited the purpose of the rule on cross–examination. In *Donaldson,* we said:

> *The primary purpose of such cross–examination, however, must be to impeach the testimony of the character witness and must not be for the primary purpose of discrediting the person on trial.* Admittedly, there is a fine line drawn between that testimony which discredits the defendant and that which is designed primarily to discredit the testimony of the character witness. However, in this jurisdiction this is a necessary risk which a defendant must assume when he calls character witnesses on his behalf. *See* 5 Meisenholder, Wash. Prac. § 4, p. 22 (1965).
>
> In such cases, we must look to the trial court's ruling in such matters since that court has before it the parties involved, their counsel, and the character witnesses involved in the action, and can observe demeanor and demonstrated purpose in asking and answering the question on cross–examination.

(Italics ours.) *Donaldson, supra* at 519.

The crucial question, then, is in the language of the Court of Appeals, "whether the prosecutor's questions were asked for the primary purpose of discrediting the character witness' testimony rather than for 'a general vilification of the defendant under the guise of legitimate cross–examination.' *State v. Briscoe, supra* at 341."

The trial court must determine the good faith of the prosecution, and if the questioning is allowed we will

inquire as to whether there was an abuse of discretion. Unless there was a manifest abuse of discretion, the ruling of the trial court will not be disturbed. *Cantrill v. American Mail Line, Ltd.,* 42 Wn.2d 590, 607, 257 P.2d 179 (1953).

The Court of Appeals found that, while the record shows the trial court was concerned about the form of the questions, it was not concerned with the good faith of the prosecutor in asking them. We disagree. Our review of the record convinces us the trial court was aware of the good faith requirement both from an examination of our cases and from a specific reference to this question by counsel for defendant. Furthermore, the court found that, although the matter of good faith or bad faith on the part of the prosecutor was "a very ticklish line", the prosecutor was "within bounds on his cross-examination." The trial court did not abuse its discretion.

The Court of Appeals is reversed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.