Argued February 2, affirmed February 23, 1927.

# STATE *v.* ONE BUICK AUTOMOBILE AND MARK BROOM.

(253 Pac. 366.)

**Arrest—Search of Automobile Without Search-warrant When Arresting Owner for Possessing Intoxicating Liquor Held Lawful.**

1.    Where owner of automobile was arrested for possessing intoxicating liquor the search of his automobile without search-warrant *held* lawful, as incident to the arrest.

**Intoxicating Liquors—Evidence Held Sufficient to Show Defendant's Possession of Intoxicating Liquor Found in Automobile Which Court Declared Forfeited.**

2.    Evidence *held* to sustain finding that owner of automobile possessed the intoxicating liquor concealed in automobile of which the trial court decreed forfeiture and sale.

**Intoxicating Liquors—Decree of Forfeiture of Automobile Held Valid, Without Jury Trial, Where No Objection to Court's Procedure Made Until Argument on Appeal.**

3.    Since, in forfeiture cases, jury trial may be waived, where there was no request for jury trial, and no objection made or exception taken to the manner of procedure until the argument on appeal, the decree of forfeiture is valid, though no jury trial was had.

---

Intoxicating Liquors, 33 C. J., p. 687, n. 77, p. 688, n. 85, p. 689, n. 12.

1.    What articles or property may be seized without a warrant upon making a lawful arrest, see note in 32 A. L. R. 686.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 1.                                    AFFIRMED.

For appellants there was a brief and oral argument by *Mr. F. C. Heffron.*

For respondent there was a brief over the names of *Mr. John S. Medley,* District Attorney, and *Mr. Gordon S. Wells,* Deputy District Attorney, with an oral argument by *Mr. Wells.*

RAND, J.—The defendant Mark Broom appeals from a decree of the Circuit Court for Lane County declaring a forfeiture of an automobile owned and possessed by him in which intoxicating liquor was found. The evidence shows that on June 1, 1925, Broom drove the car from Albany to an apartment house in the City of Eugene, and placed the car in a garage belonging to said apartment house and then went to one of the apartments therein where he was arrested upon a bench-warrant which had been previously issued by said court and at the time of his arrest he and others were drinking from a bottle of whisky then in the room. At the time of his arrest and while he was in custody, the officers went into the garage, the door being open, and found intoxicating liquor in the car. The car was then seized by the sheriff and the intoxicating liquor confiscated. Broom was tried and convicted of the crime of having intoxicating liquor unlawfully in his possession. He appealed therefrom and upon appeal the judgment of conviction was affirmed. Pursuant to the provisions of Chapter 29, Laws of 1923, the sheriff made a return of such seizure to said court and the cause was

tried by the court as in an equity suit. However, the court called a jury and submitted to them certain questions of fact, but treated their verdict as advisory only. One of said questions was the following: "Question No. 1— Was the intoxicating liquor, exhibits a, b and c, kept or concealed in said Buick automobile by or with the consent of Mark Broom on said June 1, 1925?" to which the jury answered, "Yes." The court made its own findings of fact and conclusions of law, as if the trial was in equity and based upon said findings and conclusions, made and entered a decree directing the forfeiture and sale of the car. While the court treated the findings of the jury as advisory only, the decree was in entire harmony with the special findings of the jury, which findings, if the case had been tried as a law action, would have been sufficient to have warranted the entry of a judgment of forfeiture.

1, 2. The evidence tends to show that before leaving Albany the liquor later found at Eugene was then in the car. Defendant contends that the search of the car being made without a search-warrant was an unreasonable search, making the seizure of the car unlawful. The evidence clearly shows that defendant at the time, was under arrest and that the search of his car was an incident of the arrest and there is nothing in the record showing that the search was made unlawfully.

The defendant also contends that the evidence was not sufficient to show his possession of the liquor, and claimed that someone else had placed the liquor therein after he had left the car in the garage.

3. The evidence, we think, was sufficient to show his unlawful possession of the liquor. These are the only points discussed in the brief, but upon the argument

here, defendant contended that in the light of *State
v. 1920 Studebaker Touring Car,* 120 Or. 254 (251 Pac.
701), the cause being tried as an equity suit, the
decree declaring the forfeiture is of no force or effect.
There was no request for a jury trial, no objection
was made to the manner of the procedure adopted
by the court in the trial of the cause, no exception
was taken and the matter is not even referred to in
the assignments of error.

Since the defendant never demanded a jury trial,
the Circuit Court had no opportunity to pass upon
his right to a trial by jury, and since in forfeiture
cases the right to a trial by jury may be waived, we
think that the objection now for the first time urged
here comes too late.

For these reasons the decree appealed from will be
affirmed.                                    AFFIRMED.

BURNETT, C. J., and COSHOW and McBRIDE, JJ.,
concur.