## J. B. WOODS v. STATE.

No. A-5921.   Opinion Filed Aug. 5, 1927.
(258 Pac. 816.)

Jessie H. Dunn, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   Appellant was convicted on a charge of unlawfully transporting about two gallons of corn whisky, and in accordance with the verdict of the jury

was sentenced to jail for 30 days and to pay a fine of $150.

A number of errors are assigned, but one of which is relied upon for a reversal—that is, that the court erred in overruling the defendant's motion to strike the evidence of J. D. Ramsey, W. S. Bell, and John Slover, for the reason that the same was obtained by an illegal search and seizure.

The undisputed facts are that appellant, driving towards the town of Davis with a team and wagon, stopped within a mile of the city limits and, leaving his team, came into town and was arrested for being drunk. The officers then proceeded to where the team was standing in the road and searched the wagon and found about two gallons of corn whisky.

When the state rested the defendant moved to strike the testimony on the ground that the same had been illegally obtained, by reason of the search of his wagon in violation of his constitutional rights. The motion was overruled.

As a witness in his own behalf defendant testified that he was a farmer and drove to Wynnewood, and one of the tires of the wagon came off, and he stopped at a water tank and was fixing it when a man came up and said he had some packages he wanted him to haul, and they started along and the man pulled out a quart of whisky and asked him to take a drink, saying that he was going on to Sulphur with him; that near Davis the coupling pole on his wagon broke and that was the last thing he could remember until he woke up in jail; that he thinks the man's name is Odom, and he said he lived at Sulphur; that he did not know that there was whisky in the packages.

The officers seeing appellant intoxicated in a public

place had a right to arrest him without a warrant, and a person lawfully arrested may, as an incident thereto, be searched; his conveyance may also be searched and intoxicating liquors found in his possession may be seized and used as evidence in a prosecution for violating the provisions of the prohibitory liquor laws.

It follows from what has been said that the court properly overruled the motion to suppress the evidence for the state, also the motion to strike the same.

There being no prejudicial error in the record, the judgment of the court below is affirmed.

EDWARDS and DAVENPORT, JJ., concur.