## W. T. GAMBILL v. STATE.

No. A-6942. Opinion Filed Nov. 30, 1929.
(283 Pac. 262.)

E. E. Ammons, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

The evidence offered by the state was that John Kidd, a deputy sheriff in McIntosh county, had been notified that the defendant was drunk on the highway near the town of Hitchita in said county; that witness found the defendant drunk under a bridge and arrested him; that defendant said he had some valuable papers in a suitcase in his car standing on the highway near the bridge which he wanted to get; that witness went with the defendant to the car, and there found two one-half gallon jars of whisky. The finding of the whisky was corroborated by the witness J. W. Sampson. The state filed an information against the defendant charging him in the first count with unlawfully transporting the liquor and in the second count with the unlawful possession of the same with intent to barter, sell, or give away the same. When the state rested, the defendant moved the court to require the state to elect upon which count it would rely

for a conviction. The state elected to stand on the second count. The defendant offered no evidence.

The defendant complains that the search and seizure was unlawful for the reason that the officer had no search warrant. In the case of Martin v. State, 43 Okla. Cr. 273, 277 Pac. 950, this court said:

"A peace officer, without a warrant, may arrest a person for any violation of the prohibitory liquor law committed in his presence, and may seize any intoxicating liquor in the possession or immediate presence of the person arrested." See, also, Berg v. State, 29 Okla. Cr. 112, 233 Pac. 497; Washington v. State, 37 Okla. Cr. 415, 259 Pac. 150; Callahan v. State, 42 Okla. Cr. 425, 276 Pac. 494.

In the case at bar, the officer having arrested the defendant for an offense committed in his presence, he had a legal right to search the person of the defendant and the immediate surroundings, and the evidence obtained by such search was properly admitted by the trial court.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.