Z. D. Atkins, Com'r, Plaintiff in Error,

*v.*

Joe Harris, Defendant in Error.

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

490

HENRY C. FOUTCH, Assistant Attorney General, for Commissioner Atkins.

FLATT & FLATT and MADDUX & CAMERON, Cookeville, for defendant.

Mr. Justice Swepston delivered the opinion of the Court.

The principal determinative question on this appeal is the validity of the search of the trunk of an automobile following a lawful arrest.

The proceedings herein were commenced by Joe Harris for the purpose of obtaining a return to him of his Chevrolet automobile which had been seized and confiscated by the Commissioner of Finance and Taxation pursuant to T.C.A. sec. 57-622 et seq. The hearing officer of the department, after hearing the evidence, found that the automobile was properly confiscated and that there was no evidence that the statute was not properly complied with. He dismissed Harris' petition. On *certiorari* to the Circuit Court it was held that the uncontradicted proof showed that the automobile of petitioner was parked outside the boundaries of the premises owned by him and was parked on an adjacent lot owned by others and that the officers of the department had no lawful right to search and seize and subsequently confiscate said automobile, they at the time having no search warrant nor any lawful right to search said defendant's automobile. The order of the Commissioner was reversed and the automobile ordered returned to the said Harris. From this action the Commissioner has appealed and assigned error.

The facts are that at approximately 10:00 p.m. on the night of August 4, 1955, three alcohol tax agents representing said department, acting upon information received from an informer went to the house of the defendant Joe Harris, in Overton County, Tennessee, for the purpose of purchasing moonshine or white whisky. One of the agents went to the door of the house while the other two agents remained in the autombile parked in the yard with the headlights burning and knocked on the door of said house. The wife of the defendant answered the door and said agent purchased from her a pint of unstamped white whisky for the sum of $2, gave her a $10 bill from which she gave him the proper change. Whereupon the agent identified himself and placed the defendant's wife under arrest for tippling and at a signal from him to the other agents they came in and all proceeded to search the house and the entire premises. They had no search warrant. They detected a strong odor of whisky in the kitchen sink where the same had obviously been poured down the drain and they found about 75 bottles or cans of beer in two electric refrigerators.

At the time of the sale of the whisky by Mrs. Harris the defendant Harris was asleep in bed, but was awakened by the officers as they proceeded with their search of the house and the premises. They arrested him and then required him to turn over the key to his automobile which was parked about 18 feet from the porch of the house. They unlocked the trunk of the car and inside found a gallon of unstamped white whisky.

The proof shows that they gave Harris a receipt at the time for the whisky and the automobile, although they

did not include in the receipt the beer which was also taken.

The proof shows that the defendant Harris was a school bus driver and was an active citizen in the community, but also has as part of his reputation that he is a bootlegger and that he had been previously arrested and convicted for violating the liquor laws.

We think that the Circuit Judge was correct in his findings from the evidence that the automobile was parked on the adjoining property not belonging to the defendant Harris at the time it was searched. The Harris lot and the adjoining lot faced on the same street and according to the plat in evidence the boundary between them was a straight line, although there was no fence or other definite structure marking the exact location of the boundary. The proof is that it was approximately 7½ feet from the porch on that side of the house to the boundary line and that the automobile was 11 feet over on the other man's property. Since the adjoining owner has raised no complaint about the search being made on his property and in view of the conclusions we have reached in this matter, we do not consider the fact important that the car was somewhat over the line.

In the following discussion it must be kept in mind that we are not dealing merely with a situation where the officers have a valid search warrant as in *Dolen v. State,* 187 Tenn. 663, 216 S.W.2d 351, wherein this Court held that the search of an autombile was unlawful where the same was not on the property described in the warrant, but was in the road outside the fence surrounding the property described in the warrant; nor are we deal-

ing with cases where without a warrant a motor vehicle is searched on the basis of probable cause that the vehicle contains contraband, as discussed in 79 C.J.S. Searches and Seizures sec. 66 h (2d), p. 837, which situation is illustrated by *Carroll v. U.S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, wherein Judge Taft made the distinction between the search of a vehicle on probable cause on the one hand and a search incidental to a prior lawful arrest.

██ There can be no question that the arrest of Mrs. Harris for tippling and the arrest of Mr. Harris for possessing the contraband whisky, both of which offenses were committed in the presence of the officers, were justified under T.C.A. sec. 40-803.

██ Where the arrest is lawful then a search by the arresting officer of the person and effects of the prisoner may be made for the purpose of seizing articles as (1) might be used to effect an escape, such as weapons or tools, keys and the like, or (2) as might tend to evidence his guilt of the offense for which the arrest has been made. *Elliott v. State*, 173 Tenn. 203, 116 S.W.2d 1009.

That is, the search and the articles discovered must have a reasonable relationship to the offense for which the arrest was made.

Then in *McCanless v. Evans*, 177 Tenn. 86, at page 90, 146 S.W.2d 354, 356, a case somewhat similar to the present case, the Court said:

"A search warrant is unnecessary to make a lawful search of the premises, or the *immediate surroundings,* of the person where the arrest is made."

It appears in that case that after the officers had purchased a bottle of whisky from Evans at his public restaurant or roadhouse, they then entered the lunch room and put him under arrest and from the place where they were standing they could plainly see whisky under the bed in an adjoining room and the Court said it was quite clear that the officers were not only justified in entering and looking about for additional whisky as supporting evidence to convict this man of being engaged in the sale of whisky under the holding in *Elliott v. State, supra,* but that it appeared that they really never made any search as the whisky was open and obvious.

The important words referred to above are the "immediate surroundings."

Then we turn to 47 Am.Jur., 515, sec. 19, and omitting the first part of the paragraph, we find the following:

"The essential factor is that the arrest be a lawful one. To what extent, however, a search may extend beyond the prisoner's person cannot be clearly defined from an abstract point of view, depending as it does, on the Court's interpretation of such phrases as 'immediate presence,' 'immediate control,' or 'immediate surroundings' of the person arrested, as applied to the facts of the particular case, although it has been held that the 'place' or the 'immediate place' at which the arrest occurs or the 'immediate surroundings' may be searched."

In the 1956 Supplement to the last quoted text will be found a case that deals with the specific factual situation involved in this case. That is the case of *State v. Cyr,* 1952, 40 Wash.2d 840, 246, P.2d 480. The facts were that

following the discovery next morning of a burglary the officers arrested Cyr while he was in a restaurant. They then went outside without a search warrant, examined his automobile and found a half-filled jug of wine of the same brand as that which was taken from the tavern. The search was held justified because of the close proximity of the automobile to the place of defendant's arrest.

The opinion then cites *Woods v. State,* 37 Okl.Cr. 377, 258 P. 816, wherein the defendant was arrested within the city for being drunk and a search thereafter made of his wagon which he had left standing in the road a mile outside the city limits was upheld. Also *Gambill v. State,* 45 Okl.Cr. 281, 283 P. 262, wherein the defendant was found intoxicated under a bridge and the arresting officers searched his automobile standing on the highway near the bridge. Also *State v. One Buick Automobile,* 120 Or. 640, 253 P. 366, where the defendant was arrested in his apartment, a search of his automobile which was parked in the apartment house garage was upheld. In *People v. Garrett,* 232 Mich. 366, 205 N.W. 95, where police officers after arresting the defendant for intoxication and taking him to jail, found an automobile key among his effects, which they took with them several blocks distant to the place where the car was parked and made a search, and secured evidence which was held to be admissible.

 While some of these cases seem to go to the utmost limits, the principal case is a sound interpretation of law in our judgment and certainly these cases, being the only ones that we have found that bear directly on the factual situation involved in the instant case, go to sustain the proposition that the *immediate surroundings*

*are not necessarily limited to property in control of the accused,* unless the search be limited by the words of a search warrant. It is on this basis that we distinguish *Dolan v. State, supra,* because that was a search warrant case and the section of the Code therein cited requires that the warrant particularly describe the place to be searched, which of course, automatically eliminates any premises not included within the property described specifically in the search warrant.

■ In short, we are of opinion that one must indeed be naive to believe that, where a person is engaged in the bootleg business in his residence, the officers were not justified in assuming that the defendant's automobile parked only 18½ feet from the house was being used in aid of his possession and transportation of the contraband liquor.

■ The only other question raised by the brief in behalf of the defendant is that the department did not comply with the statute in the seizure and confiscation of the car. We find no merit in that insistence.

We, accordingly, reverse the judgment of the Circuit Court and affirm the action of the Commissioner and remand the cause to the Circuit Court in order that same may be remanded to the Commissioner for further proceedings.