(No. 37622.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OAKLEY J. ELMORE, Plaintiff in Error.

*Opinion filed June 19, 1963.*

OAKLEY J. ELMORE, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and OTTO E. FUNK, State's Attorney, of Hillsboro, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Montgomery County found the defendant, Oakley J. Elmore, guilty of robbery and armed robbery, and he was sentenced to a term of not less than fifteen nor more than thirty years in the penitentiary. He did not request the appointment of counsel, and he prosecutes *pro se* this writ of error to review his conviction.

On the evening of October 14, 1954, as Mr. and Mrs. Phillip Viviano returned to their home in Litchfield, they saw a "gray-bluish or greenish" Dodge automobile parked in their driveway. Two armed and masked men ordered them to enter their home, where they were held while a third person, whom they heard but did not see, ransacked the house. The robbers fled after taking over two hundred dollars. The day after the robbery, Mrs. Viviano noticed that an electric razor was also missing.

On October 16, 1954, the Cairo police were notified by the authorities of Montgomery County to be on the lookout for a "light blue or green Dodge" with license number 1735971 in connection with a robbery. The following evening, an automobile fitting that description was discovered at a Cairo cafe. The defendant and a companion were arrested when they entered the car and attempted to drive away. After he was searched, the defendant was driven to the police station in a police car, while the Dodge was driven to the station by one of the arresting officers. It was searched after the defendant arrived at the station. On the following day, the Cairo police were notified that an electric razor had been stolen, and police officer Graves took an electric razor from the Dodge automobile which was then parked outside the police station. Officer Graves testified that he had seen the razor when the car was first searched but had not disturbed it at that time. He further

testified that the razor was "laying in plain sight in the car up behind the back seat."

The defendant moved to suppress the razor on the ground that it was the product of an illegal search and seizure. The trial court denied the motion, and the defendant asserts that the ruling was erroneous.

"A search implies a prying into hidden places for that which is concealed and it is not a search to observe that which is open to view." (*People* v. *Exum,* 382 Ill. 204, 210; *People* v. *Cattaneo,* 6 Ill.2d 122, 125; *People* v. *Marvin,* 358 Ill. 426.) Here the razor was on the ledge behind the back seat of defendant's car. It was visible through the car windows, and no search was necessary. A crime had been committed and the police had reasonable grounds to believe that the defendant had committed it. His arrest without a warrant was valid, and there is no question but that the police could have seized the razor at the time of the arrest.

Defendant contends, however, that because the razor was not taken from his car until the day after his arrest, its seizure was not incidental to the arrest, and was therefore illegal. This contention cannot be sustained. The police took possession of defendant's car at the time of his arrest. They retained the keys to the car and parked it in front of the police station. The defendant and his car remained in police custody. Removal of the razor from the auto twenty-four hours after the defendant's arrest did not constitute an unreasonable seizure. See *Callahan* v. *State,* 42 Okla. Cr. 425, 276 Pac. 494; *State* v. *One Buick Automobile,* 120 Ore. 640, 253 Pac. 366.

The defendant also apparently contends that his guilt was not established beyond a reasonable doubt. The evidence against him was circumstantial, but it was sufficient to convict. The robbery was committed by masked men and under such circumstances that the victims were not

able to identify the men who committed it. They did, however, have an opportunity to observe the car used by the robbers and they were able to describe that car to the police. The defendant was arrested while driving a car which fitted that description. Photographs of the car were taken and were admitted into evidence. Mrs. Viviano testified that the photographs depicted the "same kind and type of automobile" that she had seen at the time of the robbery. After his arrest, the defendant stated that he had been in exclusive possession of the car from October 9 until the time of his arrest.

Mrs. Viviano also testified that the day after the robbery a Sunbeam electric razor was missing. Defendant stated to police officers that he had purchased the razor found in his car in Chicago three weeks prior to his arrest. But the serial number of the Vivianos' razor had been recorded on a warranty card and sent by them to the manufacturer of the razor. An employee of the Sunbeam corporation appeared in court with the warranty card sent by the Vivianos to the company. The card bore the number WC345630. The electric razor found in defendant's car was a Sunbeam electric razor with the serial number WC345630.

Three witnesses testified that defendant had stayed at a motel the evening of October 14 and had eaten dinner with them about the time the robbery was alleged to have been committed. However, the defendant told the police that he had slept in his car the evening of October 14 and did not stay at the motel at any time during the period in question.

The jury resolved the conflict in the evidence against the defendant, and the record justifies its conclusion that he was proved guilty beyond a reasonable doubt.

The judgment of the circuit court of Montgomery County is affirmed.

*Judgment affirmed.*