**The People of the State of Illinois, Plaintiff-Appellee, v. Ora Thurman Brown, Defendant-Appellant.**

**Gen. No. 66–125.**

Second District.

November 29, 1967.

Rehearing denied December 14, 1967.

Peterson, Lowry, Rall, Barber and Ross, and William Bomp, of Chicago, and Thomas and Kostantacos, of Rockford, for appellant.

William R. Nash, State's Attorney, of Rockford, and William H. Snively, Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County. A jury found Ora T. Brown, the defendant, guilty of voluntary manslaughter. He was sentenced to the Illinois State Penitentiary for a period of from 7 to 12 years.

On December 21, 1964, at approximately 2:30 o'clock in the afternoon, the defendant entered the Huddle Inn located at 813 W. State Street in Rockford, Illinois. At the time the defendant was suffering from the effects of a back injury and also had a painful mouth, the result of the removal of some teeth. Between 6:00 and 6:30 o'clock,

Russell Bowler, the deceased, entered the Inn. After having a drink, Bowler went to the end of the bar where he struck the defendant and slapped him about the shoulders three or four times. The bartender told Bowler to leave and he went out the rear door to an alley. Four or five seconds later defendant followed Bowler into the alley. Five or ten minutes later defendant returned to the Inn. He went to the washroom, came out, finished a beer and left by the front door. About 7:00 o'clock p. m. another patron of the bar left the tavern by the rear door to go to his car. He returned almost immediately and told the bartender to call the police as he believed a man had been hit by a car. The cause of death was determined to be asphyxiation in that the deceased drowned in his own blood. The doctor who performed the autopsy testified that the decedent had many severe fractures involving the lower jaw and right cheekbone area. His face was covered with bruises which had no particular pattern. A pathologist testified that the severity of the fractures was such as to lead him to believe that they must have been caused by some heavy, blunt object rather than a fist.

The defendant was arrested at approximately 9:00 p. m. on the evening in question. His right hand bore bruises and was skinned around the knuckles. He testified that this occurred when he went into an alley on leaving the tavern and "7 or 8 guys" took a swing at him knocking him down, stepping on his hands and kicking him. He said they fled when he yelled for help. Upon being brought to the police station the defendant's shoes were removed and a member of the Rockford Police force testified that an F. B. I. examination of the shoes indicated there was no blood or other substance on them in any way associated with the deceased. The shoes were not offered in evidence. At the trial the State introduced four photographs of the deceased taken before his body was removed from the alley. During the course of cross-examination of the defendant, the State's Attorney asked the defendant

if he had ever been convicted of a felony. An objection to this question was sustained and no answer was received from the defendant.

The defendant on this appeal asserts that the indictment is insufficient in that it does not allege all of the substantial elements of the offense of voluntary manslaughter. The indictment was in two counts. Count I charged defendant with murder. The jury found him not guilty of murder. Count II, which charged the defendant with voluntary manslaughter, read in part as follows:

> "That on the 21st day of December, 1964, in the County of Winnebago and State of Illinois, one Ora Thurman Brown committed the offense of Voluntary Manslaughter, in that he, acting under sudden and intense passion, resulting from a serious provocation by Russell E. Bowler, struck, beat, kicked and killed said Russell E. Bowler, without lawful justification, in violation of Paragraph 9–2, Chapter 38, Illinois Revised Statutes."

■■ Defendant argues that the omission of the words "at the time of the killing" renders the indictment insufficient. An indictment is required to state the offense charged as will enable the defendant to fully prepare his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Griffin, 36 Ill2d 430, 432, 223 NE2d 158. It is not necessary that it state the alleged crime in the exact language of the statute. People v. Peters, 10 Ill2d 577, 580, 141 NE2d 9. The language in the indictment here under consideration clearly stated that the beating and the intense passion occurred at the same time and meets the above requirements. The failure to include the statutory words "at the time of the killing" does not, in our opinion, render the indictment insufficient.

■ The defendant next contends that his constitutional rights were violated in that he was subjected to

235

unnecessary search and seizure when his shoes were removed from him at the police station about an hour and one half after his arrest. The parties agree that search and seizure are permitted when incidental to a lawful arrest. Defendant argues that the lapse of time between the arrest and the seizure violates his rights. We are of the opinion that it is not necessary for us to determine this question as nothing was found as a result of the search. The tests on the shoes were negative. People v. Rose, 22 Ill2d 185, 186, 174 NE2d 673. If we were to hold otherwise, it is our opinion that the removal of the defendant's shoes for the test did not constitute an illegal search. The shoes were visible. The defendant had them on at the time of his arrest. In the People v. Elmore, 28 Ill2d 263, 265, 192 NE2d 219, the court commented:

> "A search implies a prying into hidden places for that which is concealed and it is not a search to observe that which is open to view."

To the same effect is the People v. Cattaneo, 6 Ill2d 122, 125, 126 NE2d 692.

██ The introduction of the four photographs of the deceased into evidence was objected to by the defendant and on appeal he claims that their admittance into evidence was prejudicial error. The rule as to admissibility of photographs of a deceased in a criminal case is well stated in the People v. Jackson, 9 Ill2d 484, 490, 138 NE2d 528:

> "Whether the photograph of a deceased is properly admissible depends upon whether it has probative value, such as aiding a jury in the better understanding of medical testimony or aiding them in determining the manner in which the wound was inflicted. . . . Mindful of the prejudicial emotion that might be aroused by the introduction of a victim's photograph, the courts have, on the whole, been strict in their requirement that a proper purpose be shown for the introduction of such an exhibit."

236

In the People v. Jenko, 410 Ill 478, 482, 102 NE2d 783, the court held:

> "The fact and cause of death, the number and location of the wounds, the manner in which they were inflicted, and the wilfulness of the acts in question are all material to the offense charged. The photographs tended to establish these facts and conditions, and under such circumstances their production as evidence is a legitimate mode of proof, (citation omitted) and this is in accord with the majority view. (Citation omitted.) Evidence having a natural tendency to establish the facts in controversy should be admitted. A party cannot have competent evidence excluded merely because it might arouse feelings of horror and indignation in the jury. Any testimony concerning the details of a murder or other violent crime may have such tendencies, but manifestly this could not suffice to render it incompetent."

The evidence discloses that at the time the deceased was found in the alley, the witnesses and police believed that he may have been the victim of a hit-and-run accident and defendant at the trial attempted to revive that theory and convince the jury that the deceased had, in fact, been the victim of an automobile accident and had not died as a result of any beating inflicted upon him by the defendant. The photographs which were introduced tended to support the medical testimony that the death occurred as the result of severe blows to the face and head of the deceased and that the injuries were not such as would have been incurred had the deceased in fact been struck by an automobile. In our opinion the photographs had probative value and were an aid to the jury in a better understanding of the medical testimony as to the manner in which the wounds of the deceased had been inflicted.

The defendant complains that the State's Attorney committed reversible error in his closing argument in

237

commenting on defendant's failure to call witnesses to substantiate his testimony as to his whereabouts on the day in question. The closing argument of counsel is not a part of the record before us and we therefore cannot consider this point. People v. Smice, 79 Ill App2d 348, 354, 223 NE2d 548.

██ ██ We agree that it is improper for the prosecution to cross-examine a defendant as to conviction for a crime and that the credibility of the defendant can be tested only by showing proof of prior convictions and by introducing evidence of those convictions. People v. Rojas, 68 Ill App2d 171, 174, 215 NE2d 140; People v. Smith, 63 Ill App2d 369, 381, 211 NE2d 456. However, here the trial court promptly sustained an objection to an inquiry made by the State's Attorney of the defendant inquiring if he had been convicted of a felony. We do not believe he was unreasonably prejudiced by this. It is not every error that constitutes grounds for reversal. People v. Sleezer, 9 Ill2d 57, 62, 136 NE2d 808; People v. Arbuckle, 69 Ill App2d 251, 258, 259, 215 NE2d 825. The question is not whether the record is perfect, but whether the defendant has had a fair trial and has been convicted on evidence establishing his guilt beyond a reasonable doubt. We are of the opinion that the error complained of would not reasonably affect the jury's verdict.

 The defendant tendered an instruction on involuntary manslaughter which the court refused. In his argument for reversal he relies on the People v. Hunter, 365 Ill 618, 7 NE2d 444, and the People v. Mighell, 254 Ill 53, 98 NE 236, as authority. In these cases the court found that death was caused by an injury that would not naturally result from defendant's acts. Involuntary manslaughter is an offense which happens without the intent to inflict injury and death results from acts performed recklessly. People v. Johnson, 54 Ill App2d 27, 36, 203 NE2d 283. When we consider the injuries inflicted on the deceased, the crushing blows to the facial bone structure,

caused by striking or kicking, in view of the evidence that the altercation in the Huddle Inn was broken up without the defendant having fought back, and that the defendant deliberately followed the deceased out of the tavern to an alley where he inflicted a severe beating, we are of the opinion that the trial court properly denied the defendant's request for an involuntary manslaughter instruction, on the basis that there was no evidence to substantiate it. Where there is no evidence upon which such an instruction can be based, the instruction should not be given. People v. Burnett, 27 Ill2d 510, 511, 190 NE2d 338. We find no error in the refusal to allow the instruction.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.