[No. 705-1.    Division One—Panel 2.    March 15, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE BASSETT, *Appellant.*

*Culp, Dwyer, Guterson & Grader* and *Murray B. Guterson,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney, Faye Collier Kennedy* and *David Metcalf, Deputies,* for respondent.

FARRIS, A.C.J.—George Bassett was accused of rape, assault in the second degree with intent to commit rape, and robbery. All accusations arose out of one event which occurred August 26, 1969. He appeals from a conviction on the first two counts and grand larceny (a lesser included offense in the count of robbery).

The appellant, his wife and mother testified under oath regarding his whereabouts on the date in question. If their testimony is believed, he could not have committed the crime.

The complaining witness was assaulted in her home while trying to do a good deed. She had sufficient time to observe her attacker. She described his dress on the date in

question, his automobile, mentioned a tatoo on his arm and selected Mr. Bassett's photograph from a number of photographs at the police station.

Error is assigned to the trial court's permitting the state to ask Valera Bassett if she had told Detective George Dahl in a conversation on February 12, 1969, that her husband had once forced her at gun point to stand under a street light in the nude, and in permitting Detective Dahl to impeach her answer to the question by testifying as a rebuttal witness.

If it was error to admit the evidence, it was prejudicial error. *See State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970); *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730 (1970). Whether it was error to permit the questioning depends upon whether Mr. Bassett's sexual normality was in issue. If it was a collateral issue, the question should not have been asked and Detective Dahl should not have been permitted to testify.

Mrs. Bassett was asked by appellant's attorney:

Q Now, at the time that we are concerned about, Tuesday, August 26, 1969, were you and your husband living together as man and wife?

A Yes, we were.

Q Was there anything unusual or abnormal about your sexual relationship at that particular time?

A No.

The questions and answers were limited to the period around August 26, but the period was expanded on cross-examination without objection.

Q Then I asked you a question on cross-examination, whether or not there had been anything unusual or abnormal about your sexual relationship with your husband during the eight years or so of your marriage. And what is your answer to that?

A No, there hasn't been.

Mrs. Bassett was then asked about the alleged conversation with Detective Dahl out of the presence of the jury. She admitted a conversation with Detective Dahl at the

time and place indicated but denied that the critical statement had been made. She admitted that she would consider such conduct abnormal. The state was permitted, over objection, to ask the question again in the presence of the jury, and upon Mrs. Bassett's denial, to call Detective Dahl as a rebuttal witness. He testified that the statement had been made to him.

■ The test as to whether an issue is material or collateral is: Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction? *See State v. Sandros,* 186 Wash. 438, 58 P.2d 362 (1936); *State v. Putzell,* 40 Wn.2d 174, 242 P.2d 180 (1952).

In general, a defendant in a criminal case must be tried on the offense charged and evidence of unrelated acts of misconduct are not admissible. *See State v. Donaldson,* 76 Wn.2d 513, 458 P.2d 21 (1969). However, if the accused puts his prior conduct into issue by offering evidence to this effect, cross-examination as to specific acts of misconduct unrelated to the crime charged is proper. *See State v. Donaldson, supra; State v. Emmanuel,* 42 Wn.2d 1, 253 P.2d 386 (1953).

The cross-examiner may question a character witness for the accused with respect to prior acts of misconduct by the accused. *State v. Cyr,* 40 Wn.2d 840, 246 P.2d 480 (1952).

Our review of the decisions of this court in this area shows that a character witness may be cross-examined by the state as to his knowledge of acts of misconduct by accused or rumors of such acts in the community. The primary purpose of such cross-examination, however, must be to impeach the testimony of the character witness and must not be for the primary purpose of discrediting the person on trial. Admittedly, there is a fine line drawn between that testimony which discredits the defendant and that which is designed primarily to discredit the testimony of the character witness.

*State v. Donaldson, supra* at 519.

In the final analysis the court must balance the materiality of the testimony and the prejudicial effect of it.

494

The defense attempted to prove (1) that the appellant was in a different place at the time of the event and (2) that he enjoyed a normal sex life with his wife. It was not a collateral issue, it was a basic issue in his defense. The statement could not be offered for its truth but if the jury believed that it was made, it was a prior inconsistent statement.

We find that the use of a prior inconsistent statement concerning the normality of her sex life with the defendant was proper impeachment of Mrs. Bassett.

Affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied May 12, 1971.
Review denied by Supreme Court August 20, 1971.